PER CURIAM.
Claimant Marie Blind (Blind) appeals an order from the Judge of Compensation Claims (JCC), arguing, inter alia, that the JCC improperly calculated her average weekly wage (AWW) by excluding her concurrent earnings during the thirteen-week period immediately preceding her date of injury. We reverse and remand on this issue, and affirm all remaining issues raised.
Blind was injured on January 29, 1992, while working as a waitress/bartender for It’s a Bit Fishy, Incorporated (E/C),[1] a consignment vendor at the Radisson Suites Hotel. She worked for three different employers during the thirteen weeks preceding her accident, doing substantially the same work *704 for each. She first worked as a bartender for The Boulevard Grill, the E/C’s predecessor at the Radisson Hotel. While waiting to receive full-time work from The Boulevard Grill, she took a second job at the Palm Beach Hilton Hotel, working as a patio server and bartender. When The Boulevard Grill went out of business on December 1, 1991, Blind began working for the E/C. She quit her job at the Palm Beach Hilton later that month after the E/C promised her full-time work.
Blind contends section 440.14(l)(a), Florida Statutes (1991), requires the JCC to calculate her AWW using her total earnings, whether for the same or another employer, in the thirteen weeks preceding the accident. She argues that section 440.02(24), Florida Statutes (1991), which specifically provides that concurrent earnings are to be excluded from the definition of wages, is not applicable. The E/C responds that the JCC properly excluded Blind’s concurrent employment with the Palm Beach Hilton Hotel in calculating her AWW. We agree with Blind and reverse.
Concurrent earnings must be included in determining an employee’s AWW under section 440.14(1)(a), Florida Statutes (1991). Vegas v. Globe Sec., 627 So.2d 76 (Fla. 1st DCA 1993) (en banc), rev. denied, 637 So.2d 234 (Fla.1994). There is no inherent conflict between section 440.14(1)(a),[2] defining “AWW,” and section 440.02(24),[3] defining “wages.” Id. at 78. The two terms are not synonymous. Id. In the instant case, Blind’s employment with the Palm Beach Hilton Hotel overlapped her employment with The Boulevard Grill and the E/C.[4] Because the JCC did not have the benefit of the Vegas decision at the time he entered his order, he improperly excluded Blind’s earnings from the Palm Beach Hilton Hotel in calculating her AWW. Accordingly, we reverse and remand for recalculation of Blind’s AWW consistent with the holding in Vegas, and affirm all remaining issues.
SMITH, LAWRENCE and BENTON, JJ., concur.

. The employer is It’s a Bit Fishy, Incorporated and the carrier is Executive Risk Consultants, Incorporated (together "E/C”).

.Section 440.14(l)(a), Florida Statutes (1991), provides in relevant part:
(1) Except as otherwise provided in this chapter, the average weekly wages of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation and shall be determined, subject to the limitations of s. 440.12(2), as follows:
(a) If the injured employee has worked in the employment in which he was working at the time of the injury, whether for the same or another employer, during substantially the whole of 13 weeks immediately preceding the injury, his average weekly wage shall be one-thirteenth of the total amount of wages earned in such employment during the 13 weeks.

. Section 440.02(24), Florida Statutes (1991), provides in relevant part:
"Wages" means the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the injury and includes only the wages earned on the job where the employee is injured and does not include wages from outside or concurrent employment except in the case of a volunteer firefighter....
(Emphasis added.)

. Like the claimant in Vegas, Blind is not subject to section 440.14(l)(f), Florida Statutes (1991), as neither party below contended that Blind was a part-time worker or had adopted part-time employment as her customary practice.